UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| COREY MCNAMEE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:14 CV 260 |
|  | ) |  |
| FAMILY FOCUS INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**OPINION and ORDER**

I.  **BACKGROUND**

Plaintiff Corey McNamee worked for defendant Family Focus Inc. from roughly 2008 to 2014, when he was fired. (DE # 1 at 4.) McNamee filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and received a right to sue letter on April 14, 2014. (*Id.* at 2.) In the letter, the EEOC stated that plaintiff had 90 days from the receipt of the letter to file suit based on the charge, or his right to sue would be lost. (*Id.* at 9.)

Plaintiff filed suit, *pro se,* in this court on July 24, 2014, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Equal Pay Act, 29 U.S.C. 206, *et seq*. (DE # at 1.) His *pro se* complaint also hints at discrimination on the basis of race, which, if proven true, would violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5.

Defendant has moved for dismissal of the complaint pursuant to RULE 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE. (DE # 10.) Specifically, defendant points out

that plaintiff failed to file his discrimination claims within the 90-day window afforded by law, and that plaintiff's Equal Pay Act allegations fail to state a claim. (*Id.*) Plaintiff did not respond. The motion is now ripe for ruling.

## II. LEGAL STANDARD

RULE 8 of the FEDERAL RULES OF CIVIL PROCEDURE sets forth the pleading standard for complaints filed in federal court; specifically, that rule requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. "The rule reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009) (internal quotation marks omitted). To satisfy RULE 8(a), "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Twombly*, 550 U.S. at 555, 570. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and

2

conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) among other authorities). As the Seventh Circuit recently explained, a complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010); *see also Sanjuan*, 40 F.3d at 251 (stating that the plaintiff does not need to plead facts that establish each element of a cause of action and that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint").

When evaluating the sufficiency of a complaint, the court must construe it in the light most favorable to the non-moving party, accept well-pleaded facts as true, and draw all inferences in the non-movant's favor. *Reger Dev., LLC v. Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010). Although a *pro se* plaintiff is held to "less stringent standards than formal pleadings drafted by lawyers," a *pro se* plaintiff "can plead himself out of court." *Henderson v. Sheahan,* 196 F.3d 839, 845 (7th Cir. 1999); *McCready v. eBay, Inc.,* 453 F.3d 882, 888 (7th Cir. 2006).

### III. DISCUSSION

#### A. ADA & Title VII Claims

Defendant first argues that plaintiff's discrimination claims must be dismissed because they were not timely filed. A plaintiff wishing to pursue a discrimination claim in federal court must file the claim within 90 days after receiving a notice of right to sue.

3

42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(1). It is undisputed that plaintiff filed his lawsuit in this court on the 101st day. Accordingly, his ADA and Title VII claims must be dismissed.

**B.     Equal Pay Act Claim**

Defendant also moves to dismiss plaintiff's Equal Pay Act claim. Defendant argues that plaintiff has failed to plead sufficient facts regarding the claim to satisfy the Federal Rules of Civil Procedure.

In *Swanson,* already discussed briefly, the Seventh Circuit held that the plaintiff's discrimination complaint satisfied RULE 8 because it identified the type of discrimination the plaintiff thought occurred (racial), by whom (a bank), and when (in connection with her efforts to obtain a home equity loan). 614 F.3d at 405. According to the Seventh Circuit, "[t]his was all that was needed to put in the complaint." *Id.* Under *Swanson,* a plaintiff alleging discrimination need only allege "how, in the plaintiff's mind at least, the dots should be connected" to comply with *Twombly* and *Iqbal*. *Id.* at 405.

In this case, plaintiff's allegations satisfy RULE 8. For example, plaintiff asserts that he was paid less by defendant than two female peers. (DE # 1 at 4-8.) Thus, plaintiff has identified the basis of the alleged discrimination (plaintiff's gender), the alleged perpetrator of the discrimination (defendant), and when the alleged discrimination occurred (plaintiff discovered the existence of the first allegedly higher-paid female co-worker in 2011, and the other female employee was hired in March 2012). According to

4

the Seventh Circuit, "[t]his was all that was needed to put in the complaint." *Swanson,* 614 F.3d at 405.

Plaintiff's allegations may present a very weak claim of discrimination, but giving plaintiff the benefit of imagination while keeping consistent with the complaint, *Sanjuan* 40 F.3d at 251, plaintiff has given enough details about the subject-matter of the case to present a story that holds together, *Swanson,* 614 F.3d at 404, and to allow the court to draw the reasonable inference that defendant is liable for the alleged conduct. *Iqbal,* 129 S. Ct. at 1949. Further, plaintiff's allegations give the defendant fair notice of what the claim is and the grounds upon which it rests. *Erickson*, 551 U.S. at 93. Accordingly, plaintiff's Equal Pay Act claim satisfies RULE 8 as interpreted by the Seventh Circuit in *Swanson*.

IV. **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss (DE # 9) is **GRANTED, in part, and DENIED, in part**.

**SO ORDERED.**

Date: July 30, 2015

                                              s/James T. Moody
                                              JUDGE JAMES T. MOODY
                                              UNITED STATES DISTRICT COURT