# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

COREY MCNAMEE,                     )

)

           Plaintiff,          )

)

           v.                    )         No. 2:14 CV 260

)

FAMILY FOCUS INC.,           )

)

           Defendant.     )

## OPINION and ORDER

On July 30, 2015, this court granted defendant's unopposed motion to dismiss plaintiff's complaint, in part, and dismissed plaintiff's discrimination claims as untimely. (DE # 17.) Plaintiff now asks the court to reconsider that decision, citing evidence that he believes warrants tolling the statute of limitations. (DE # 18.)

Strictly speaking, a "motion for reconsideration" does not exist under the Federal Rules of Civil Procedure. *Hope v. United States,* 43 F.3d 1140, 1142 n. 2 (7th Cir. 1994); *see also Talano v. Nw. Med. Faculty Found., Inc.,* 273 F.3d 757, 760 n. 1 (7th Cir. 2001). However, this type of motion is frequently entertained when it is "a request that the court reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was over-looked." *Ahmed v. Ashcroft,* 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted). Nonetheless, the Seventh Circuit Court of Appeals has stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

*Frietsch v. Refco, Inc.,* 56 F.3d 825, 828 (7th Cir. 1995); *see also Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); *Divane v. Krull Elec. Co.,* 194 F.3d 845, 850 (7th Cir. 1999); *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir. 1995). In other words, a motion for reconsideration is "not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." *First Nat'l Bank in Manitowoc v. Cincinnati Ins. Co.,* 321 F. Supp. 2d 988, 992 (E.D. Wis. 2004).

Plaintiff had an opportunity to respond to defendant's motion to dismiss, but he failed to file anything at all. *See* N.D. IND. L. R. 7-1 (requiring a response to a motion to dismiss within 14 days after date of service). Perhaps plaintiff was unaware of the local rules governing responses, but ignorance of procedural deadlines does not excuse a litigant's untimeliness, even when the litigant is proceeding *pro se. See Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998) (*quoting McNeil v. United States,* 508 U.S. 106 (1993), "[R]ules apply to uncounseled litigants and must be enforced."); *see also Downs v. Westphal,* 78 F.3d 1252, 1257 (7th Cir. 1996). The time to offer argument and evidence regarding tolling the statute of limitations was within 14 days after the date of service of the motion to dismiss, not now, and plaintiff has offered no justification for his failure to file a response to defendant's motion to dismiss. No "extraordinary circumstances" appear to exist. *First Nat'l Bank,* 321 F. Supp. 2d at 992.

Given the circumstances, the court declines to afford plaintiff "a second bite at the apple," *id.*, and turn this case into one that "might never end." *Frietsch,* 56 F.3d at 828. Plaintiff's motion for reconsideration (DE # 18) is **DENIED.**

**SO ORDERED.**

Date: August 14, 2015

s/James T. Moody

JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT