UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| COREY MCNAMEE, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:14-CV-260-JTM-PRC |
| | ) | |
| FAMILY FOCUS, INC., | ) | |
|    Defendant. | ) | |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Verified Motion to Dismiss Pursuant to Federal Rules of Civil Procedure Rule 37(d) and 41(b) [DE 50], filed by Defendant Family Focus, Inc., on August 11, 2016. Plaintiff Corey McNamee, *pro se*, has filed no response, and the time to do so has passed.

On September 1, 2016, District Court Judge James T. Moody entered an Order [DE 52] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report and Recommendation constitutes the undersigned Magistrate Judge's proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

**BACKGROUND**

Defendant, in the instant motion, verified under penalties of perjury that the following representations are true.

At a preliminary pre-trial conference held on October 1, 2015, the Court set case management deadlines for this litigation, including a discovery deadline of July 15, 2016.

On May 27, 2016, Defendant propounded interrogatories and requests for production of documents on Plaintiff. Responses to these discovery requests were due June 29, 2016. Also on May

27, 2016, Defendant noticed Plaintiff for a deposition to take place on July 7, 2016. In accordance with Northern District of Indiana Local Rule 26-2(2)(A), the discovery was also filed with the Court.

Defendant sent the discovery requests and notice of deposition by regular and Certified Mail to Plaintiff's address as listed on the docket and neither copy was returned as undelivered.

As of the date the instant motion was filed, Plaintiff had not provided responses to the discovery. Plaintiff failed to appear for his deposition, as evidenced by the transcript of the deposition, which Defendant attached to the instant motion.

On July 13, 2016, Defendant sent correspondence by regular and Certified Mail to Plaintiff regarding Plaintiff's failure to appear for his deposition and respond to the discovery. Defendant sent this correspondence to Plaintiff's address as listed on the docket and also to a previous address given by Plaintiff. The correspondence sent by Certified Mail has been returned from both addresses marked as unclaimed and unable to forward. The correspondence sent by regular mail has not been returned from either address.

**ANALYSIS**

Defendant argues that this cause of action should be dismissed under Federal Rule of Civil Procedure 41(b). Rule 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Under Rule 41(b), a court should only dismiss a case when "there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011) (citing *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2000)); *see also Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014). In most cases, the district court should warn the plaintiff that such a sanction

may be imposed. *See Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998); *see also Ball v. City of Chi.*, 2 F.3d 752, 759-60 (7th Cir. 1993) (indicating that "[t]here should be an explicit warning in every case"). In considering such a dismissal, a district court should consider numerous factors, including the frequency and magnitude of the plaintiff's conduct, the prejudice to the defendant, the disruption to the orderly administration of the court's calendar, and the merits of the underlying litigation. *See Williams*, 155 F.3d at 857; *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000).

Defendant also argues that this cause of action should be dismissed under Federal Rule of Civil Procedure 37. Rule 37 provides that "[t]he court where the action is pending may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition; or . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A). The available sanctions are any of those listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(d)(3). "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id*.

The decision of whether to award sanctions under Rule 37 is a matter within the Court's discretion. *In re Golant*, 239 F.3d 931, 937 (7th Cir. 2001). In deciding to award sanctions under Rule 37, a court is not required to choose the least severe sanction available; rather, the sanction that the Court selects "must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Id*. (quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 739 n.5 (7th Cir. 1998)). The sanction of dismissal is to be used only in extreme situations. *Id*.

3

(citing *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)). Dismissal under Rule 37 "requires both a failure to comply with a discovery order and a showing of willfulness, bad faith, or fault." *Ladien v. Astrachan*, 128 F.3d 1051, 1056 n.5 (7th Cir. 1997).

Defendant asserts that dismissal is the appropriate sanction for Plaintiff's conduct. The last record of Plaintiff's active participation in this litigation is Plaintiff's in person appearance at a preliminary pretrial conference held on October 1, 2015. Defendant sent Interrogatories, Requests for Production, and a Notice of Deposition to Plaintiff on May 27, 2016. He did not timely respond to the discovery requests sent to him, and Defendant verified that these requests remain unanswered as of the filing of the instant motion on August 11, 2016. Further, pursuant to Local Rule, Plaintiff's responses must be filed with the Court, and, as of the date of this Order, the responses have not been filed. He made no motion for an extension of the deadline to respond to the discovery requests. The discovery requests and notice of deposition were not returned as undeliverable or unclaimed from his address. Plaintiff also failed to appear at his deposition.

Defendant argues that Plaintiff is refusing to accept correspondence related to this litigation by refusing to sign the return receipt request cards for Defendant's July 2016 correspondence. Defendant represents that it has no telephone number by which to contact Plaintiff. The Court notes that there is a telephone number for Plaintiff listed on the docket, but Defendant does not indicate whether it has tried to reach Plaintiff at this number. Defendant further argues that Plaintiff has demonstrated contumacious conduct by using this litigation to obtain confidential information in discovery from Defendant and then refusing to respond to the discovery requests directed to him. Defendant further argues that it is prejudiced by not having the discovery responses from Plaintiff before the deadline to file motions for summary judgment.

4

Plaintiff has not been explicitly warned that this cause of action may be dismissed if Plaintiff fails to prosecute this cause of action or to comply with the Federal Rules of Civil Procedure or Orders issued by the Court.

At this time, the appropriate sanction under Rule 37(d) is an award of reasonable expenses, including attorney fees, caused by Plaintiff's noncompliance with the rules of discovery. Additionally, Plaintiff should be warned that his failure to prosecute or comply with the applicable rules and orders may lead to this case's dismissal.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the District Court **DENY in part** and **GRANT in part with relief different than requested** the Verified Motion to Dismiss Pursuant to Federal Rules of Civil Procedure Rule 37(d) and 41(b) [DE 50]. As to the request to dismiss under Federal Rule of Civil Procedure 41(b), the Court **RECOMMENDS** that the motion be denied. As to the request to dismiss under Federal Rule of Civil Procedure 37(d), the Court **RECOMMENDS** that the District Court grant relief different than requested in the form of an award of reasonable expenses, including attorney fees, against Plaintiff and in favor of Defendant for the time and expense incurred as a result of Plaintiff's lack of response to the discovery served on him and failure to appear for his deposition, and the costs incurred in bringing this motion.

The Court also **RECOMMENDS** that the District Court grant Plaintiff a final extension in which to file responses to the outstanding discovery requests and **WARN** Plaintiff that this cause of action will likely be dismissed pursuant to Federal Rule of Civil Procedure 37(b) or 41(b) if he fails to (1) respond to the discovery requests, (2) appear for his deposition, if he receives notice of one, or (3) prosecute this cause of action.

The Court further **RECOMMENDS** that the District Court extend the discovery deadline to allow Defendant time to reschedule Plaintiff's deposition.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Report and Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 6th day of October, 2016.

/s Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT